Roger G. Perkins, Esq., 86617
Carolyn Taylor, Esq., SBN 159347
Michelle L. Bains, Esq., SBN 335966
CLARK HILL, LLP
One American Plaza
600 West Broadway, Ste 500
San Diego, CCA 92101
Telephone (619) 819-2411
Facsimile (619) 557-0460
rperkins@clarkhill.com
ctaylor@clarkhill.com
mbains@clarkhill.com

Ernest F. Koschineg, Esq.*
Jill Fertel, Esq.*
Antima Chakraborty, Esq.*
**CIPRIANI & WERNER**
450 Sentry Parkway Suite 200
Blue Bell, Pennsylvania 19422
Telephone:   (610) 567-0700
Facsimile:    (610) 567-0712
ekoschineg@c-wlaw.com
jfertel@c-wlaw.com
achakraborty@c-wlaw.com
*pro hac vice forthcoming

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **NATALIE NICHOLSON, individually** and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**NONSTOP ADMINISTRATION AND INSURANCE SERVICES, INC.** **inclusive,**<br><br>        Defendant. | Case No.:<br><br>Superior Court of Los Angeles County Case No. 23-ST-CV-05512<br><br>**NOTICE OF REMOVAL**:<br><br>**28 U.S.C. §§ 1332 and 1441(b); DIVERSITY JURISDICTION)** |

///

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Nonstop Administration and Insurance Services, Inc., (hereinafter "Nonstop"), a California Corporation, hereby removes this action from the Superior Court of Los Angeles County in the State of California to the United States District Court for the Northern District of California San Francisco pursuant to 28 U.S.C. §§ 1332 and 1441(b), Federal Rules of Civil Procedure 81(c), and avers as follows:

## I.     DESCRIPTION OF ACTION

Plaintiff, Natalie Nicholson, individually and on behalf of all similarly situated persons, filed her Class Action Complaint in the Superior Court of Los Angeles, California, on March 13, 2023, captioned *Natalie Nicholson, individually and on behalf of all others similarly situated v. Nonstop Administration and Insurance Serv., Inc., 23-ST-cv-05512*. A copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

Plaintiff's Complaint asserts causes of actions purportedly arising from a data breach that occurred on or about December 22, 2022—the ***same data breach incident*** underlying *John Prutsman, et al v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-cv-01131-VC, now pending in the United States District Court for the Northern District of California. A true and correct copy of the *Prutsman* Consolidated Class Action Complaint ("CAC") is attached hereto as **Exhibit B**.

Plaintiff alleges that she, and similarly situated individuals, experienced damages as a result of a third-party data breach. *See* Exhibit A ¶¶ 2-4. Plaintiff has raised several causes of action, including Violation of the California Customer Protection Act, Violation of the California Unfair Competition Law, and Breach of Contract. Nonstop denies the allegations underlying Plaintiff's claims.

/ / /

/ / /

This action is removable under 28 U.S.C. §§ 1441 (a) and 1453. 28 U.S.C. §§ 1441 (a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and minimal diversity exists.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

## II.   TIMELINESS & TECHNICAL REQUIREMENTS OF REMOVAL

Counsel for Nonstop accepted service of Plaintiff's Complaint on June 20, 2023. *See* Acknowledgment of Receipt, attached hereto as **Exhibit C**. 28 U.S.C. § 1446(b)(1). Accordingly, this Removal is timely. This Notice is being filed in the Northern District per the direction of Judge Chhabria's minute entry on May 4, 2023." *See Docket and Minute Entry No. 25, attached as* **Exhibit D**.

## III.   REMOVAL BASED ON DIVERSITY JURISDICTION

### A. Minimum Diversity Exists in this Matter

Generally, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1201 (E.D. Cal. 2008). However, a class action requires minimum, rather than complete diversity. Pursuant to the Class Action Fairness Act ("CAFA"), a district court enjoys subject matter jurisdiction in a class action in which the class: (1) includes at least 100 members; (2) features an amount in controversy in excess of five million dollars; and (3) demonstrates minimal diversity- diversity of citizenship between at least one defendant and one plaintiff-class member, exists. *Id.*

///
///

NOTICE OF REMOVAL
Case No.
-3-

A corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). Nonstop is a California corporation with its principal place of business located at 1800 Sutter Street, Suite 730, in Concord, California. Nonstop need only show diversity of any one plaintiff-class member in order to support a finding of minimum diversity. *See Ehrman v. Cox Communications, Inc.*, (932 F.3d 1223, 1226 (9th Cir. 2019).

As evidence of residency of other class members, this Court may look to many of the named plaintiffs in the *Prutsman* matter: Plaintiff John Prutsman, is a resident of Pagaso Springs, Colorado. *See* Exhibit B at ¶ 14. Plaintiff, Amira Martz, is a resident of Wasilla, Alaska. *See Id.* at ¶ 20. Plaintiff, Simcha Ringel, is a resident of Brooklyn, New York. *See Id.* at ¶ 24. Plaintiff, David Klein, is a resident of Chappaqua, New York. *See Id.* at ¶ 35. Minimal diversity is therefore satisfied.

### B. The Proposed Class Exceeds 100 Individuals

Removal of a class action requires a showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. 1332(d)(5)(B). Plaintiff's Complaint identifies the class as, "The class members are so numerous and geographically dispersed throughout California that joinder of all class members would be impracticable. While Plaintiff does not submit the precise number of members of the proposed Class, she suggests that it "consists of tens of thousands of individuals in California, including Plaintiff and the Class members." Exhibit A, ¶ 49. "Allegations made in a complaint are accepted as true for purposes of removal." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205. A complaint need not set forth the precise number of class members to satisfy the requirements of CAFA. *See Id. See also Ko v. Natura Pet Prod., Inc.,* No. C 09-02619 JF, 2009 WL 10695886, at *2 (N.D. Cal. Sept. 28, 2009). Thus, the proposed class likely exceeds 100 members.

/ / /

/ / /

### C. The Amount in Controversy Exceeds $5,000,000

Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims meets or exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2). A notice of removal must include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F.Supp.2d 1199, 1205. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* at 1205; *see Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 399 (2d Cir. 2003).

Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego*, 443 F.3d 676, 683; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Further, in analyzing the amount in controversy issue, a court may consider supplemental evidence that was not submitted at the time of the removal notice but was submitted in connection with the opposition to a remand motion. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

First, Plaintiff Nicholson's Complaint puts the amount of controversy at an amount where removal is appropriate. In her Complaint, she states, "…based on information and belief, the Class consists of tens of thousands of Defendant individuals in California, including Plaintiff and the Class members." Exhibit A, ¶ 49. Plaintiff goes on to claim that an alleged fair value of PII may range anywhere from $210 to $388 per record. *See* Exhibit A, ¶ 43. While Nonstop challenges the merits of the value, as mentioned, for purposes of removal, a court must assume that the allegations of the complaint are true. *See Korn* at 1205. "The ultimate

inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.*, *supra*.

Additionally, when looking at supplemental evidence, including the *Prutsman* CAC, the amount of controversy claimed is in excess of $5 million. CAC ¶ 10. The amount in controversy therefore clearly exceeds the jurisdictional requirement of CAFA.

### IV. NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT

Promptly after filing this Notice, Nonstop will provide written notice of removal to Plaintiff and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the District Court within and for Los Angeles County.

Dated: July 18, 2023

Respectfully submitted,

**CLARK HILL, LLP**

_____
Roger G. Perkins, Esq.
Carolyn Taylor, Esq.
Michelle L. Bains, Esq.

**CIPRIANI & WERNER**
Ernest F. Koschineg, Esq.*
Jill Fertel, Esq.*
Antima Chakraborty, Esq.*
*\*pro hac vice forthcoming*

*Attorneys for Defendant*